**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EARTH SERVICES & ABATEMENT, LLC. | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 23 C 523 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| FE DEMOLITION and REMEDIATION, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

**<u>OPINION AND ORDER</u>**

Plaintiff Earth Services & Abatement, LLC ("ESA") moves for reconsideration of the Court's September 22, 2025 Order denying sanctions against Defendant Fe Demolition and Remediation, LLC ("Fe Demo"). For the following reasons, ESA's Motion for Reconsideration [59] is denied.

**<u>BACKGROUND</u>**

The Court presumes the parties' familiarity with the facts of the case and only discusses those relevant to the current Motion. This case arose from an alleged breach of contract by Fe Demo. (Dkt. 1). On June 6, 2023, the Court granted ESA a default judgment against Fe Demo in the amount of $854,258.08, plus $5,000 to reimburse attorney's fees. (Dkt. 15, 16). On June 15, 2023, after initiating supplementary proceedings under 735 ILCS 5/2-1402, ESA served a Citation to Discover Assets (the "Citation") on Fe Demo. (Dkt. 59 at 2); (Dkt. 17). The Citation created a statutory lien on Fe Demo's non-exempt property and froze that property through a restraining provision. (Dkt. 59 at 2).

In August 2023, Fe Demo moved to vacate the judgment and Citation, arguing that the Court lacked jurisdiction based on a purported absence of diversity of citizenship. (Dkt. 19). Fe Demo contended that the Citation "substantially and totally impair[ed] [Fe] Demo from operating

1

its business in the ordinary course including meeting its payroll obligations for its 42 employees."
(*Id.* ¶ 10). On August 11, 2023, after filing an Emergency Motion to Vacate Judgment and Citation
before Judge Rowland, the Court held a short status to resolve the issues. (Dkt. 23). During the
hearing, Judge Rowland indicated that she was going to "stay the effect of the citation" while the
parties briefed the outstanding issue of jurisdiction, stating that "we all want the defendant to be
able to pay its employees." (Dkt. 62, Tr. 3:9-12). After the hearing, Judge Rowland entered the
following Minute Entry (the "August 2023 Minute Entry"):

> MINUTE entry before the Honorable Mary M. Rowland: Hearing
> held on Defendant's emergency motion to vacate default judgment
> order and dismiss or stay citation proceedings due to lack of
> jurisdiction 19 . Counsel appeared telephonically. The court adopts
> the parties' proposed briefing schedule on Defendant's motion to
> vacate default judgment: response due 8/18/23; reply due 8/25/23.
> Any citations served in this matter are stayed until further order of
> court. Parties continue to discuss the question of jurisdiction.

(Dkt. 23). Unbeknownst to ESA, in September 2023, Fe Demo's owner, Jonathon Markoff, formed
Sharp Financing, LLC and purchased a secured loan held by Byline Bank, effectively dissipating
Fe Demo's assets. (Dkt. 59 at 3). Once Sharp Financing purchased the secured loan, it took
possession of Fe Demo's assets and eliminated all junior liens, including ESA's citation lien on
Fe Demo's personal assets. (*Id.* at 3-4). In December 2023, the Court resolved the jurisdictional
issue when it denied Fe Demo's motion to vacate the default judgment. (Dkt. 37).

In November 2024, ESA moved for sanctions against Fe Demo and Markoff, arguing that
the transfer of Fe Demo's assets to Sharp Financing violated the Citation's restraining provision.
(Dkt. 50 at 1-3). On September 22, 2025, the Court denied ESA's Motion for Sanctions. (Dkt. 58).
It found that the August 2023 order temporarily stayed the Citation so Fe Demo could pay its
employees while the parties resolved the outstanding jurisdictional question. (Dkt. 58 at 5). The
Court further noted that the Stay was in effect when Fe Demo transferred assets because the Court

2

had yet to rule on jurisdiction. (*Id.*). As a result, the Court concluded, Fe Demo did not violate the Citation by transferring assets. (*Id.*).

## LEGAL STANDARD

A party may move the Court to alter or amend a judgment within 28 days of entry under Federal Rule of Civil Procedure 59(e). Motions to alter or amend a judgment under Rule 59(e) are routinely referred to as motions for reconsideration. Rule 59(e) provides a narrow and extraordinary remedy, with the moving party bearing a heavy burden. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022); *see also Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013). A motion for reconsideration is not a vehicle for rehashing lost arguments or advancing theories or evidence that should have come out before the Court entered final judgment. *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). "To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact."). A manifest error is "not demonstrated by the disappointment of the losing party." *Oto*, 224 F.3d at 606. Rather, such an error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015).

## DISCUSSION

ESA argues that the Court erred as a matter of law in concluding that the restraining provision was not in effect under the August 2023 Stay and in denying to impose sanctions on Fe

Demo. (Dkt. 59 at 7). ESA does not establish a manifest error of law, so it does not meet the high burden under Rule 59(e). *See, e.g., Burritt*, 807 F.3d at 253.

Rule 69 provides, as relevant here, that supplementary proceedings to enforce a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In Illinois, 735 ILCS 5/2–1402 and Illinois Supreme Court Rule 277 govern supplemental proceedings. *See Dexia Crédit Local v. Rogan*, 629 F.3d 612, 622 (7th Cir. 2010). A citation to discover assets is one such proceeding: "A judgment creditor . . . is entitled to prosecute citations to discover assets for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment, . . . and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment." 735 ILCS 5/2–1402(a).

To protect assets from improper transfers, Illinois permits a citation to discover assets to include, as it does in the ESA Citation, a restraining provision that "prohibit[s] the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of the judgment therefrom . . . until the further order of the court or the termination of the proceeding, whichever occurs first." 735 ILCS 5/2–1402(f)(1). The purpose of a restraining provision to is to prevent the citation respondent "from transferring funds which may become due to the judgment debtor, in order to insure [sic] that the latter does not abscond with money that is due." *Radio One, Inc. v. Direct Media Power, Inc.*, 2018 WL 4685470, at *7 (N.D. Ill. Sept. 28, 2018) (citing *Cacok v. Covington Electric Co., Inc.*, 111 F.3d 52, 54 (7th Cir. 1997)). A citation respondent who fails to comply with the restraining provision of a citation risks sanctions. *See* 735 ILCS 5/2-1402(f)(1) (A "court may punish any party who

4

violates the restraining provision of a citation as and for a contempt"); Ill. S. Ct. R. 277(h) ("Any person who fails to obey a citation ... may be punished for contempt.").

ESA contends that a citation's restraining provision survives a stay, such that the August 2023 Stay paused the enforcement of the Citation but left the Citation's restraining provision intact. (Dkt. 59 at 5, 9). These arguments are unsupported and belied by applicable legal precedent.

First, ESA relies on two bankruptcy cases to argue that "a stay of proceedings pauses further enforcement but does not automatically terminate the citation lien or the restraining provision." (Dkt. 59 at 5). In *In re Tires N Tracks, Inc.*, the Bankruptcy Court held that an automatic stay initiated by a bankruptcy petition does not require a judgment creditor to dismiss a citation proceeding and give up the citation lien. 498 B.R. 201, 202-04 (Bankr. N.D. Ill. 2013). Similarly, in *In re Pierport Development & Realty, Inc.*, the Bankruptcy Court held that the bankruptcy proceeding's automatic stay did not terminate a pre-existing citation lien. 491 B.R. 544, 548-49 (Bankr. N.D. Ill. 2013). These cases only describe the effects of an automatic stay on a citation lien in Chapter 7 bankruptcy proceedings; they say nothing about the impact of a court-ordered stay in other contexts. This case does not involve bankruptcy proceedings or an automatic stay. As such, these cases are not binding on the Court.

ESA also argues that a stay is not the type of court order that can affect a citation's restraining provision. (Dkt. 59 at 6-7). A restraining provision freezes assets *until further order of the court* or until the proceedings terminate, whichever occurs first. 735 ILCS 5/2–1402(f)(1) (emphasis added); *see United States v. Sheth*, 759 F.3d 711, 717 (7th Cir. 2014); *Leibovitch v. Islamic Republic of Iran*, 297 F. Supp. 3d 816, 833 (N.D. Ill. 2018) ("Unless and until the Court orders turnover of a particular piece of property, the restraint imposed by the Illinois statute

remains subject to attack and modification.") (internal citation omitted). There is nothing in the statute stating or implying that "order of the court" excludes a stay.

ESA relies on only one case to support its argument, *Mendez v. Republic Bank*, 725 F.3d 651 (7th Cir. 2013). This reliance, however, is misplaced. In *Mendez*, the Seventh Circuit held that the defendant did not violate the restraining provision of a citation by releasing funds from two accounts because the Court had ordered the defendant to unfreeze those accounts. (*Id.* at 663-65). The Court recognized that a citation's restraining provision can be terminated by a court order. (*Id.* at 663). There, the court's order to unfreeze accounts terminated the restraining provision as to those accounts. (*Id.*). There is no language in *Mendez* implying that a restraining provision can be terminated by court order but not stayed.

Further, ESA's argument incorrectly implies that a court-ordered stay of a citation's restraining provision does not authorize the release or transfer of assets. A stay is a court order that "suspends judicial alteration of the status quo." *See Nken v. Holder*, 556 U.S. 418, 429 (2009). A stay "halt[s] or postpon[es] some portion of the proceeding," or "temporarily divest[s] an order of enforceability." *Id.* at 421. Put differently, a stay "defers the effective date of a court's order and returns the parties (at least while the stay is in effect) to the position they were in before the court issued its judgment." *Peterson v. Vill. of Downers Grove, Illinois*, 2016 WL 427566, at *2 (N.D. Ill. Feb. 4, 2016) (citing *Illinois Bell Tel. Co. v. WorldCom Techs., Inc.*, 157 F.3d 500, 503 (7th Cir. 1998)). Here, the August 2023 Stay, by its nature, deferred the effective date of the Citation and its restraining provision. While the restraining provision was temporarily divested of its enforceability, Fe Demo was returned to its status quo and could transfer its assets. Since the Citations and its restraints were not in effect at the time of the asset transfer, Fe Demo's conduct is not sanctionable.

The Court applied and followed relevant law when deciding the Motion for Sanctions. Any dissatisfaction with the August 2023 Stay should have been raised at the stay hearing or immediately after the order was issued. *See Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) ("Rule 59(e) does not allow a party to "advance arguments that could and should have been presented to the district court prior to judgment."). Accordingly, it was not a manifest error of law for the Court to conclude that the Citation and its restraining provision were not in effect at the time of Fe Demo's asset transfer due to the August 2023 Stay. Nor was it a manifest error of law for the Court to deny sanctions on these grounds.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court denies ESA's Motion for Reconsideration [59].

Virginia M. Kendall
United States District Judge

Date: January 28, 2026

7